**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| **STACEY CUNNINGHAM,** | § | |
| | § | |
| *Plaintiff* | § | Case No. _____ |
| | § | |
| **v.** | § | |
| | § | |
| **Q COLONY LLC *D/B/A* GIBSON'S** | § | |
| **RESTAURANT GROUP,** | § | **JURY TRIAL DEMANDED** |
| | § | |
| *Defendant.* | § | |

---

**PLAINTIFF'S ORIGINAL COMPLAINT**

---

TO THE HONORABLE JUDGE OF SAID COURT:

Stacey Cunningham ("Plaintiff") files this Original Complaint against Q Colony LLC *d/b/a* Gibson's Restaurant Group ("Defendant" or "Gibson's") and in support states as follows:

**NATURE OF THE ACTION**

1.     This action is brought to remedy retaliation for reporting sexual harassment discrimination, in violation of Chapter 21 of the Texas Labor Code.

**PARTIES, JURISDICTION AND VENUE**

2.     Plaintiff Stacey Cunningham is a resident of Dallas County, Texas. She is a former employee of the Defendant.

3.     Defendant Q Colony LLC *d/b/a* Gibson's Restaurant Group ("Gibson's") is a Delaware limited liability company, and it was Plaintiff's employer. It can be served through its registered agent,  CT Corporation Sys. (Registered Agent), 1999 Bryan St., Ste. 900, Dallas, TX 75201.

4.      Jurisdiction and venue are proper in this Court pursuant to 28 U.S. Code § 1332 (Diversity of Citizenship) and Tex. Civ. Prac. Rem. Code § 15.002(a)(1).

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

5.      Plaintiff has complied with all prerequisites for administrative relief.  Specifically, Plaintiff timely filed a charge of discrimination against Defendant with the Texas Workforce Commission-Civil Rights Division ("TWC") and the Equal Opportunity Commission ("EEOC") on October 10, 2023, which was within 180 days of the date of her termination.  This lawsuit is filed within 2 years after the date of the file of her Charge.

## FACTS

6.      Ms. Cunningham began working for Gibson's in March 2023, as a Restaurant Manager at Quartino, in The Colony, Texas.

7.      In September 2023, several female staff members told Ms. Cunningham that they were being sexually harassed by an older male coworker name Jon (or "Jonny").

8.      As soon as she found out about this, Ms. Cunningham alerted H.R. (Janani Iyer).

9.      Ms. Iyer told Ms. Cunningham to get statements from both employees, and to forward the employee statements over to her.  Ms. Cunningham agreed to do so.

10.     After speaking with H.R., Ms. Cunningham next called her manager (Eric Starke) and told him what she had learned.

11.     Mr. Starke responded that he was tired of hearing sexual harassment complaints, that this was the fourth complaint he had to explain, and the reports were making him look bad.

12.     Ms. Cunningham later found out that Mr. Starke was already aware of these sexual harassment incidents, even before she had reported them to him.

13.     Starke, however, had done nothing about it and had not told H.R. what he knew.

14.     Ms. Cunningham collected the written statements from the female employees, as H.R. had directed her to do.

15.     Shortly after Ms. Cunningham made these reports, Mr. Starke fired her.

16.     He told Ms. Cunningham that she was being fired because she failed to report these sexual harassment incidents in a timely manner.

17.     But that was not true, and Starke knew it. Ms. Cunningham reported the harassment as soon as she was told about it, and she followed all of the instructions given to her by H.R..

18.     It was, in fact, Mr. Starke who had previously known about the harassment, but failed to alert H.R., or otherwise enact any form of prompt, remedial action.

19.     Gibson's explanation for Ms. Cunningham's termination was false and unworthy of credence.

20.     In reality, Mr. Starke fired Ms. Cunningham because she told H.R. about the sexual harassment - an act that, in Mr. Starke's words, "made him look bad."

21.     Upon information and belief, Gibson's never adequately trained or supervised Starke as to the law on sexual harassment of employees, or on employee retaliation.

22.     Upon information and belief, Gibson's had no processes or procedures in place to ensure that Starke was treating his employees consistently, or in accordance with the law.

23.     Gibson's rubber-stamped the termination decision without investigating the issue.

24.     As a result of Mr. Starke's retaliatory actions, and Gibsons' utter failure to prevent or correct them, Mrs. Cunningham lost her income, and her health benefits, and suffered mental anguish and distress.

**COUNT ONE:**
**RETALIATION (TEX. LAB. CODE § 21.055):**

25.    Plaintiff realleges and incorporates by reference all of the facts set forth in the above sections of this Complaint.

26.    Plaintiff's protected conduct (specifically, reporting sexual harassment) was a motivating factor in the decision to terminate Plaintiff's employment.

27.    Defendant engaged in this retaliatory conduct with reckless indifference to Mrs. Cunningham's state-protected rights.

28.    Plaintiff has suffered actual damages as a result of Gibson's actions.  She was terminated from her job, losing her wages, benefits, and housing, and has suffered mental anguish and emotional distress.

**JURY DEMAND**

29.    Plaintiff requests a trial by jury on all claims.

**PRAYER FOR RELIEF:**

WHEREFORE, Plaintiff seeks judgment against Defendant for the following:

A.    a Judgment finding Defendant liable for Plaintiff's actual damages, including lost wages and benefits (both back pay and front pay), the sum to be determined at time of trial as a result of their legal violations;

B.    a Judgment finding Defendant liable for compensatory damages, the sum to be determined at time of trial as a result of their legal violations;

C.    a Judgment that Defendant take such other and further actions as may be necessary to redress their violations of the law, including, if applicable, reinstatement to Plaintiff's former position (or front pay if reinstatement not feasible), and mandatory training for management level employees on discrimination and retaliation protections;

D.    a Judgment for punitive damages, sum to be determined at time of trial;

E.      a Judgment awarding Plaintiff the costs of this action;

F.      a Judgment awarding Plaintiff her attorney's fees;

G.      a Judgment awarding Plaintiff pre-judgment and post-judgment interest at the highest rates allowed by law; and

H.      a Judgment granting such other and further relief as may be necessary and appropriate.

*Respectfully Submitted*,

By: _/s/ Ashley Tremain_
Ashley E. Tremain
State Bar No. 24066209
ashley@tremainartaza.com

TREMAIN ARTAZA PLLC
4925 Greenville Ave., Ste. 200
Dallas, Texas 75206
Tel.:  (469) 573-0229
Fax:  (214) 254-4941

**COUNSEL FOR PLAINTIFF
STACEY CUNNINGHAM**