IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| STACEY CUNNINGHAM | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 4:24-cv-00500-ALM |
| | § | |
| Q COLONY LLC d/b/a GIBSON'S RESTAURANT GROUP, | § | |
| | § | |
| Defendant. | § | |

**DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO COMPEL ARBITRATION AND STAY THE PROCEEDINGS**

**I.    THE PARTIES ENTERED INTO A BINDING ARBITRATION AGREEMENT**

**A.    <u>Plaintiff Entered Into A Valid Arbitration Agreement With Q Colony</u>**

Plaintiff argues that the Arbitration Agreement is unenforceable because Q Colony's name is missing on the first page of the Arbitration Agreement. While Q Colony inadvertently did not fill in its name on the first page of the Arbitration Agreement, to argue that the identity of the Parties is "unclear" and that missing Q Colony's name lacks "essential terms" is not accurate. Courts look at the entire agreement to ascertain the parties' intent. *GSC Wholesale, LLC v. Young*, 654 S.W.3d 558, 564 (Tex. App. - Houston 2022). When considering all the circumstances surrounding when Q Colony presented Plaintiff with the Arbitration Agreement and when she signed it, the facts are clear that Q Colony and Plaintiff are Parties to the Arbitration Agreement.

On March 7, 2023, Plaintiff received an offer letter to be the Restaurant Manager at Q Colony LLC d/b/a Quartino Ristorante. *See* Exhibit A, Affidavit of Donna Barttelt in Support of Defendant's Reply Brief For Its motion to Compel Arbitration and Stay Proceedings ("Barttelt

1

Dec.") ¶ 7 and Ex. 1.[1] Q Colony LLC is a restaurant operated by the Gibsons Restaurant Group. *Id.* ¶ 1. Q Colony's offer letter was on Gibsons Restaurant Group letterhead, and the e-mail was sent by the General Manager whose signature block stated that Quartino was, "A Gibsons Restaurant Group Location." *Id.* ¶ 7 and Ex. 1. On March 14, 2023, Plaintiff completed the new hire paperwork at the same time she signed the Arbitration Agreement, including an IRS W-4 Form, a Background Check Notice, and an Electronic Consent Form. *Id.* at ¶ 9. At the bottom of the IRS W-4 Form Plaintiff completed and signed, the employer is identified as "Q Colony LLC," and the Background Check Notice and Electronic Consent Form both identify the company/employer as the "Gibsons Restaurant Group." *Id.* at ¶ 10 and Ex. 2. The IRS W-4 Form, Background Check Notice, and Electronic Consent Form were signed on the same day, from the same computer and within minutes of Plaintiff signing the Arbitration Agreement. *Id.* at ¶ 11. In fact, the Arbitration Agreement is entitled, "Manager's Arbitration Agreement," the same position in her offer letter. *See* Dkt. 7-1 at Ex. 1. These facts conclusively show that Plaintiff was aware that she was entering into an Arbitration Agreement with her employer, Q Colony and the Gibsons Restaurant Group. Moreover, the Arbitration Agreement contains many other terms indicating that this is an agreement between Plaintiff and her employer. *See* Dkt. 7-1 at Ex. 1 (opening paragraph and ¶¶ 1-2, 8, 10-12).

Plaintiff relies on two cases where Texas courts held that there was no arbitration agreement because the identity of the parties were unclear. Neither of these decisions apply here. *VSR Financial Services v. McLendon* involved an arbitration provision contained in an application for an investment brokerage account that referenced several, but undefined parties to the arbitration provision, including the "Introducing Firm," "Clearing Agent," and "any Sub-Advisor (and/or any

---

[1] Out of an abundance of caution, Defendant's counsel redacted information related to dependents and marital status.

other agent)." 409 S.W.3d 817, 822 (Tex. App.-Dallas 2013). The Court of Appeals upheld the trial court's denial of the motion to compel arbitration because these terms were undefined and it was unclear that broker (VSR) was a party of the arbitration agreement. *Id*. at 828-829. Unlike the arbitration provision in *VSR*, the Arbitration Agreement here is straightforward involving a single document where Plaintiff agreed to submit employment disputes to arbitration. *Sunbelt Securities, Inc. v. Mandell* is likewise distinguishable. *Sunbelt* involved an arbitration provision that failed to define who was the "Broker/Dealer" in a transaction, which included other documents like an account application. The facts and circumstances here are quite different, because they involve a single and straight forward Arbitration Agreement Plaintiff signed when she completed other new hire paperwork. It did not involve a complex financial transaction with multiple parties and confusing terms. Moreover, there are significant other facts to show that it was clear that Plaintiff and Q Colony (her employer) were the Parties to the Arbitration Agreement. These additional facts were not present in *VSR* or *Sunbelt*. For all of these reasons, it is clear that Q Colony and Plaintiff were the Parties to the Arbitration Agreement.

### B. Q Colony Was Not Required To Sign the Arbitration Agreement Because It Only Contained a Space for Plaintiff's Signature

Plaintiff also argues that the Arbitration Agreement is unenforceable because Q Colony did not sign it. Neither the Federal Arbitration Act (FAA) or Texas law requires arbitration agreements to be signed. *See GSC Wholesale*, 654 S.W.3d at 562, *citing In re Polymerica, LLC*, 296 S.W.3d 74, 76 (Tex. 2009) (per curiam). A signature is required only if the parties, "…explicitly require that a party to an arbitration agreement sign the agreement to manifest the party's assent…" *Id*. Absent a signature, a party may manifest assent to an arbitration agreement by its acts, conduct or acquiesce, but a signature is not a condition precedent to its enforceability. *Id*. An employer's intent to be bound by an arbitration agreement can also be evidenced by the

3

employer drafting the arbitration agreement, its actions maintaining it in its business records and moving to enforce it. *See Wright v. Hernandez*, 469 S.W.3d 744, 761 (Tex. App.-El Paso 2015) (internal citations omitted).

In *GSC*, the Texas Court of Appeals found a valid and enforceable arbitration agreement even though it was not signed by the employer because there was other evidence that the employer assented to the arbitration agreement. *GSC* found that there was no language in the arbitration agreement that says the employer can only assent by a signature or that a signature was a condition precedent to its enforceability. 654 S.W.3d at 566. The Court explained that, "For a signature to be the only way to manifest assent to an agreement, the parties must 'explicitly require' signatures as a condition of mutual assent.." *Id*. The Court found that the employee manifested assent by continued employment and the employer manifested assent by allowing the employee to continue working. *Id*. at 567. This case has even more compelling facts than *GSC* because the Arbitration Agreement did not contain a signature line for Q Colony, it only required Plaintiff's signature. There are other facts present here showing Q Colony's assent. Paragraph 11 provides, "This Agreement shall take effect as soon as Employee signs it." *See* Dkt. 7-1 at Ex. 1. This is conclusive to show that there was no intent of the parties that Q Colony had to sign the Arbitration Agreement to manifest its intent. Moreover, like the employee in *GSC*, after signing the Arbitration Agreement, Plaintiff continued to work for Q Colony and Q Colony allowed her to continue working there.

Plaintiff cites federal and Texas court decisions finding the absence of an employer's signature showed that the employer did not assent to the arbitration agreement. The cases cited by Plaintiff had similar – and critical – facts missing: those arbitration agreements contained a signature line for the employer that was not signed, and the courts found that they contained

4

language that the arbitration agreement could not be modified or amended except without being signed by both parties. *See Huckaba v. Ref-Chem, LP*, 892 F.3d 686, 689 (5th Cir. 2018); *Graham v. Leisure Pools USA Trading, Inc.*, 2024 U.S. Dist. LEXIS 33521, at *4-5 (W.D. Tex. Feb. 26, 2024); *In re Bunzl USA, Inc.*, 155 S.W.3d 202, 212 (Tex-App.-El Paso 2004). Unlike those cases, the Arbitration Agreement here has no signature line for Q Colony and there is no similar language that modifications must be signed by both parties. Plaintiff also points to the reference to the "Parties" in Paragraph 16 (Acknowledgement) arguing the language indicates that the intent was for both parties to sign. However, this alone is not enough to overcome the significant other facts favoring Q Colony's assent to the Arbitration Agreement, including that it drafted the Arbitration Agreement, presented it to Plaintiff before her employment started, maintained it in its business records, promptly moved to compel arbitration, and continued to employ Plaintiff for at least five months after she signed it. It also does not overcome the explicit language in Paragraph 11 that, "This Arbitration Agreement takes effect as soon as Employee signs it." *See* Dkt. 7-1 at Ex. 1.

## II. ALL CONDITIONS HAVE BEEN SATISFIED TO COMPEL ARBITRATION

Paragraph 5(a) of the Arbitration Agreement merely requires Plaintiff to "discuss the claim or dispute with the other party" before invoking arbitration. On December 15, 2023, Plaintiff's attorney sent Q Colony a detailed letter discussing her alleged claims of discrimination and retaliation based on the same facts as in this lawsuit.[2] This letter satisfied the requirements of Paragraph 5(a). Therefore, all conditions to arbitration have been satisfied.

## III. THE PARTIES RESOLVED PLAINTIFF'S UNCONSCIONABILITY CONCERNS

Q Colony has agreed to hold the arbitration hearing in Dallas, Texas; therefore, Plaintiff's argument regarding unconscionability is moot.

---

[2] Out of an abundance of caution, Defendant has not attached the demand letter as it contains settlement discussions. Defendant can produce the letter for *in camera* inspection to the Court upon request.

5

Dated:  August 22, 2024

Respectfully submitted,

By: /s/ *Laura Balhoff Englert*
Laura Balhoff Englert
State Bar No. 24055135
10375 Richmond Avenue, Suite 1050A
Houston, Texas  77042
Telephone:  (713) 243-7059
Email:  lenglert@hanover.com

*Counsel for Defendant*
*Q Colony LLC d/b/a Quartino Ristorante & Wine Bar*

## CERTIFICATE OF SERVICE

I, Laura Balhoff Englert, an attorney, hereby certify that on August 22, 2024, I caused to be served a copy of the foregoing **Defendant's Reply in Support of Its Motion to Compel Arbitration and Stay the Proceedings**, in the above-captioned matter to be filed with the Clerk of the District Court and served on the parties of record, including those listed below, by operation of the Court's CM/ECF electronic filing system, addressed to:

Ashley E. Tremain, Esq.
TREMAIN ARTAZA PLLC
4925 Greenville Ave., Ste. 200
Dallas, Texas 75206
ashley@tremainartaza.com

/s/ *Laura Balhoff Englert*
Laura Balhoff Englert

6