# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| STACEY CUNNINGHAM and OTHER PARTIES, | § § § § | |
| *Plaintiff,* | § | |
| v. | § § | Civil Action No. 4:24-cv-500 |
| | § | Judge Mazzant |
| Q COLONY LLC d/b/a GIBSON'S RESTAURANTS GROUP, | § § § § | |
| *Defendant.* | § | |

## ORDER

Pending before the Court is Plaintiff's Motion for Reconsideration of Order [Doc. 17] Granting Defendant's Motion to Compel Arbitration (Dkt. #18). Having considered the Motion and the relevant pleadings, the Court finds that the Motion should be **DENIED**.

A motion seeking to reconsider may be construed under Federal Rule of Civil Procedure 54(b), 59(e), or 60(b) depending on the circumstances. "The Fifth Circuit recently explained that 'Rule 59(e) governs motions to alter or amend a final judgment,' while 'Rule 54(b) allows parties to seek reconsideration of interlocutory orders and authorizes the district court to revise at any time any order or other decision that does not end the action.'" *Dolores Lozano v. Baylor Univ.*, No. 6:16-cv-403-RP, 2018 WL 3552351, at *1 (W.D. Tex. July 24, 2018) (quoting *Austin v. Kroger Tex., L.P.*, 864 F.3d 326, 336 (5th Cir. 2017)). Further, "'[i]nterlocutory orders,' such as grants of partial summary judgment, 'are not within the provisions of 60(b), but are left within the plenary power of the court that rendered them to afford such relief from them as justice requires [under Rule 54(b)].'" *McKay v. Novartis Pharm. Corp.*, 751 F.3d 694, 701 (5th Cir. 2014) (citation modified).

Because this is a motion seeking to reconsider an interlocutory order, the Court looks to Federal Rule of Civil Procedure 54(b). Under that rule, "in a case involving multiple claims or parties, 'any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities or fewer than all the parties . . . may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.'" *Blundell v. Home Quality Care Home Health Care, Inc.*, No. 3:17-cv-1990-L-BN, 2018 WL 276154, at *4 (N.D. Tex. Jan. 3, 2018) (quoting FED. R. CIV. P. 54(b)). "Under Rule 54(b), 'the trial court is free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law.'" *Austin*, 864 F.3d at 336 (quoting *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 185 (5th Cir. 1990), *abrogated on other grounds*, *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 n.14 (5th Cir. 1994)).

After careful review of the Motion, the Court hereby **ORDERS** that Plaintiff's Motion for Reconsideration of Order [Doc. 17] Granting Defendant's Motion to Compel Arbitration (Dkt. #18) is hereby **DENIED**.

**IT IS SO ORDERED.**

SIGNED this 5th day of September, 2025.

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE